Jeffrey Cutler [CA SBN 100639]
E-mail: jcutler@wkclegal.com
Elizabeth Rosenfeld [CA SBN 106577]
E-Mail: erosenfeld@wkclegal.com
Marie J. Skinner [CA SBN 291532]
E-Mail: mskinner@wkclegal.com
WOHLNER KAPLON CUTLER
HALFORD & ROSENFELD
A Professional Corporation
16501 Ventura Boulevard, Suite 304
Encino, California 91436
Telephone: (818) 501-8030; Facsimile: (818) 501-5306

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARDS OF TRUSTEES OF THE SOUTHERN CALIFORNIA FLOOR COVERING PENSION TRUST FUND, SOUTHERN CALIFORNIA FLOOR COVERING HEALTH AND WELFARE TRUST FUND, SOUTHERN CALIFORNIA FLOOR COVERING APPRENTICESHIP AND TRAINING TRUST FUND, SOUTHERN CALIFORNIA FLOOR COVERING VACATION AND HOLIDAY TRUST FUND, CONTRACT ADMINISTRATION TRUST FUND, AND THE PAINTERS AND ALLIED TRADES LABOR MANAGEMENT COOPERATION FUND, AND THE RESILIENT FLOOR AND DECORATIVE COVERING LOCAL UNION NO. 1247, | CASE NO.: **COMPLAINT FOR SPECIFIC PERFORMANCE AND VIOLATION OF ERISA** **[29. U.S.C. §§185, 1132, 1145]** |
| Plaintiffs, | |
| v. | |
| FINE DESIGN FLOOR COVERING, INC., a California corporation; FINE DESIGN FL0OR COVERING, INC., a California corporation, | |
| Defendants. | |

Plaintiffs allege as follows:

## JURISDICTION

1.     Jurisdiction is conferred upon this Court by the Employee Income Retirement Security Act of 1971, as amended ("ERISA"), 29 U.S.C. §1001, *et seq.*, and by section 301(a) of the Labor-Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185(a).

## VENUE

2.     In accordance with section 502(e) of ERISA, 29 U.S.C. §1132(e), venue is appropriate in the Central District of California as the place where the Trust Funds are administered, and where the contractual obligations alleged herein are to be performed.

## PARTIES

3.     Plaintiffs, Board of Trustees ("Board of Trustees"), are fiduciaries of the Southern California Floor Covering Pension Trust Fund, Southern California Floor Covering Health and Welfare Trust Fund, Southern California Floor Covering Apprenticeship and Training Trust Fund, Southern California Floor Covering Vacation and Holiday Trust Fund, Contract Administration Trust Fund, and the Painters and Allied Trades Labor Management Cooperation Fund (hereinafter collectively referred to as "Trust Funds").  The Trust Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), multiemployer plans within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), and express trusts in compliance with Section 302 of the LMRA, 29 U.S.C. § 186.  The Board of Trustees bring this lawsuit for and on behalf of the Trust Funds to enforce Section 515 of ERISA [29 U.S.C. § 1145], to redress violations and to obtain other appropriate legal and equitable relief.

4.     Plaintiff, Resilient Floor and Decorative Covering Local Union No. 1247 ("Union") is a labor organization within the meaning of Section 301 of the LMRA [29 U.S.C. § 185(a)], and an "employee organization" within the meaning of Section 3(4)

of ERISA [29 U.S.C. § 1002(4)]. Plaintiffs Board of Trustees and Union shall be collectively referred to hereinafter as, "Plaintiffs."

5.     Plaintiffs are informed and believe, and thereon allege, that at all times relevant herein, defendant, Fine Design Floor Covering, Inc. ("FINE DESIGN"), a California corporation, was and is a corporation existing under and by virtue of the laws of the State of California and doing business within this judicial district.  At all relevant times herein, FINE DESIGN was, and currently is, an "employer" in an industry affecting commerce, within the meaning of the LMRA and ERISA.

6.     Plaintiffs are informed and believe, and thereon allege, that at all times relevant herein, defendant, Fine Design Fl0or Covering, Inc. ("FINE DESIGN FL0OR"), a California corporation, was and is a corporation existing under and by virtue of the laws of the State of California and doing business within this judicial district.  At all relevant times herein, FINE DESIGN FL0OR was, and currently is, an "employer" in an industry affecting commerce, within the meaning of the LMRA and ERISA.

7.     Plaintiffs are informed and believe, and thereon allege, that Defendants FINE DESIGN and FINE DESIGN FL0OR are a single employer and/or alter egos in that both FINE DESIGN and FINE DESIGN FL0OR maintained a single identity in operation, shared common management, contact information, owners, facilities, customers, suppliers, equipment, business purposes, supervisors and/or employees; the assets and personalities of FINE DESIGN and FINE DESIGN FL0OR are indistinct and a unity of interest is maintained between each of them.  As an alter ego of, or single employer with FINE DESIGN, Defendant FINE DESIGN FL0OR is a party to and bound by the Master Labor Agreement and Trust Agreements to which FINE DESIGN is bound, and liable for all obligations thereunder.

8.     This complaint is prosecuted pursuant to section 301(a) of the LMRA, 29 U.S.C. §185(a), and pursuant to sections 502 and 515 of ERISA, 29 U.S.C. §§1132

and 1145, to enforce the provisions of a collective bargaining agreement and ERISA against an employer engaged in an industry affecting commerce.

## FIRST CLAIM FOR RELIEF

### (Specific Performance)

(By All Plaintiffs Against Defendants)

9.    Plaintiffs hereby reallege each and every allegation contained in paragraphs 1 through 8, inclusive, as if fully set forth herein.

10.    At all times relevant herein, FINE DESIGN has been party to the Master Labor Agreement as Amended Between Floor Covering Association of Southern California and Painters and Allied Trades District Council No. 36 of the International Union of Painters and Allied Trades, AFL-CIO-CLC on Behalf of Resilient Floor and Decorative Covering Local Union No. 1247 (hereinafter, "MLA"). As a party to the MLA, FINE DESIGN adopted, accepted and agreed to be bound to the provisions of the Agreements and Declarations of Trust of each of the Trust Funds, and to any amendments thereto or modifications thereof (hereinafter, "Trust Agreements").  A true and correct copy of an excerpt of the MLA containing terms and conditions relevant to this action is attached hereto as Exhibit "1," and is incorporated herein by this reference.

11.    The Trust Agreements vest in the Boards of Trustees the authority to adopt and amend rules and regulations for the administration of the Trust Funds, pursuant to which the Board of Trustees duly adopted and implemented the Audit and Collection Policies and Procedures for the Southern California Floor Covering Trust Funds, Effective December 18, 2007 (hereinafter, "Audit and Collection Procedures.")

12.    The Agreements, Audit and Collection Procedures, and Declarations of Trust provide that The Board of Trustees may undertake reasonable inquiry, including audit, of an Employer's records insofar as may be necessary or appropriate to verify an Employer's compliance with its obligations.  The Trust Agreements provide that the Board of Trustees may audit or cause the audit or inspection of the records of any

employer in order to verify employer compliance and determine contributions and other amounts owed.  The Board of Trustees has determined that the following records must be made available for inspection, and are necessary for the Trust Funds to determine whether all contributions have been properly reported and paid in accordance with the Master Labor Agreement and Trust Agreements: individual payroll records; certified payroll records; ledgers, time cards; day sheets, payroll checkbooks, payroll hours per employee with year-end totals; check stubs, quarterly payroll tax returns (Federal Form 941; DE9's; DE9c's; State unemployment returns); W2's; check register and/or checkbooks; general ledger; Form 1096's and 1099's; Reports filed with any Trust Funds to which FINE DESIGN pays fringe benefit contributions on any of FINE DESIGN's employees; Accounts Payable; list of all subcontractors for the audit period; and any books, records, documents necessary to determine whether full payment of all sums required have been made to the funds.

13.    In accordance with the provisions of the Trust Agreements and the exercise of their fiduciary duties required by federal statutory and common law, Plaintiffs require that FINE DESIGN submit records for an audit from the period of October 1, 2015 through December 31, 2018, in order to ascertain hours worked and contributions owed for covered work performed pursuant to the terms of the MLA.

14.    On February 26, 2019, FINE DESIGN produced payroll reports for the years of 2016 to 2018 and photocopies of checks for payments to the Trust Funds to Alsweet Associates, the Trust Funds' auditor, at their office located in Los Angeles, California. All other requested documents remain outstanding.

15.    Without access to all of the requested records, Plaintiffs are unable to determine the hours of covered work performed by bargaining unit employees, the contributions owed on their behalf, or whether benefits have been properly paid to FINE DESIGN's employees, which may subject the Trust Funds and the Board of Trustees to penalties, suits and damages for failure to perform their duties, the gross sum of which is incalculable, speculative, and leading to irreparable damage.

16.     In accordance with the provisions of the Trust Agreements and the exercise of their fiduciary duties required by federal statutory and common law, Plaintiffs demanded that FINE DESIGN submit the foregoing records for auditing in order to ascertain if FINE DESIGN has properly reported and paid contributions in accordance with the Master Labor Agreement and Trust Agreements. FINE DESIGN has failed and refused to comply with the Plaintiffs' audit demands.

17.     The Trust Agreements further provide that if an Employer fails to make records available for an audit or inspection and the Trust Funds file a lawsuit to compel the production of documents, the Employer will be liable for the Trust Funds' enforcement expenses including "reasonable attorney fees and costs incurred by such failure in addition to any other relief which may be ordered by a court of competent jurisdiction."

18.     As a result of FINE DESIGN's failure to provide access to its records for audit either electronically or through delivery of the requested records to the Trust Funds' auditors, it has been necessary for the Trust Funds to retain the law firm of Wohlner Kaplon Cutler Halford & Rosenfeld and Plaintiffs have incurred costs.

19.     In accordance with the terms of the MLA and the Trust Agreements and pursuant to Sections 502(g)(E) and 515 of ERISA [29 U.S.C. §§1132(g)(2)(E) and 1145], Plaintiffs are entitled to and hereby demand that FINE DESIGN make its records available for audit for the period of October 1, 2015 through December 31, 2018.

## SECOND CLAIM FOR RELIEF

### (Injunctive Relief)

20.     Plaintiffs hereby reallege each and every allegation contained in paragraphs 1 through 19, as if fully set forth herein.

21.     By failing to permit an audit of all requested records by the Trust Funds in accordance with the provisions of FINE DESIGN's Master Labor Agreement and the Trust Agreements, FINE DESIGN has violated ERISA §515, 29 U.S.C. §1145.

22.     Without access to the compensation records as demanded, Plaintiffs are unable to determine whether FINE DESIGN has accurately reported and paid contributions to the Trust Funds in accordance with FINE DESIGN's Master Labor Agreement and the Trust Agreements since reporting is based solely on an Employer's statement and the Plaintiffs have no quick, economical, or efficient way to determine if the reported contributions are correct.  Without access to FINE DESIGN's records, Plaintiffs will be unable to determine whether benefits have been properly paid which may subject Plaintiffs and/or Trust Funds to penalties, suits and damages for the failure to perform their duties, the gross sum of which is incalculable, speculative, and may lead to irreparable damage.

23.     In accordance with the terms of FINE DESIGN's Master Labor Agreements and the Trust Agreements and pursuant to ERISA §§502(g)(2)(E) and 515, 29 U.S.C. §§1132(g)(2)(E) and 1145, and ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), Plaintiffs are entitled to and hereby demand as appropriate equitable relief that the Court issue an order requiring FINE DESIGN to make records of FINE DESIGN available electronically for audit or by delivery to the Trust Funds' auditors for the period of October 1, 2015 through December 31, 2018.

WHEREFORE, Plaintiffs pray for judgment against Defendant, FINE DESIGN, a California company, as follows:

1.     For an Order compelling audit whereby FINE DESIGN shall be directed by the Court within a specified time after entry to:

A. Make electronic copies available of its proofs of payment, invoices, federal or state tax documents (1099/1096, DE9s/DE9C, W2/W3, 941, and all related reports used to generate federal or state tax documents), all financial ledgers (i.e., general ledger, accounts payable ledger, cash disbursement ledger, vendor reports or any variation thereof), along with such other records as may be necessary in the opinion of the Trust Funds' auditor, and any other records or information that the

Trust Funds require to examine for the audit period commencing October 1, 2015 through December 31, 2018, or in the alternative deliver such records to the Trust Funds' auditor's offices in Los Angeles, California.

B. Afford to the Trust Funds both ample time and opportunity to examine all of FINE DESIGN's materials specified above, without harassment, at the Trust Funds' auditor's office in Los Angeles, California.

2.      That in the event FINE DESIGN cannot produce all of the records which the Trust Funds are required to examine, the Court enter an Order Compelling Reconstruction where FINE DESIGN shall be directed by the Court within a specified time after the entry thereof, to:

A. Apply to the Federal and State agencies with which FINE DESIGN previously filed periodic reports pertaining to employees for copies of FINE DESIGN's reports to them for all of the periods for which FINE DESIGN cannot produce records; and

B. Subsequently make available to the Trust Funds all such copies of FINE DESIGN's periodic reports to the Federal and State agencies under the conditions set forth in 1(B) above.

3.      For payment of any unpaid contributions disclosed by audit and for liquidated damages and interest assessed on all unpaid contributions in accordance with the Trust Agreements and ERISA for the period of October 1, 2015 through December 31, 2018.

4.      For all fees and costs of audit;

5.      For reasonable attorneys' fees incurred in prosecuting this action;

6.      For costs of suit; and

7.      For such other relief as the court deems appropriate, and for such other legal or equitable relief required by Section 502(g)(2)(E) of ERISA, 29 U.S.C.

1   §1132(g)(2)(E).

2

3   DATED:  March 18, 2019          Jeffrey L. Cutler, Esq.

4                                   Elizabeth Rosenfeld, Esq.
                                    Marie J. Skinner, Esq.

5                                   WOHLNER KAPLON CUTLER
                                    HALFORD & ROSENFELD

6

7                                   By:  ___/s/ MARIE J. SKINNER_____

8                                   MARIE J. SKINNER
                                    Attorneys for Plaintiffs,

9                                   Board of Trustees of the Southern California Floor

10                                  Covering Pension Trust Fund, Southern California
                                    Floor Covering Health and Welfare Trust Fund,

11                                  Southern California Floor Covering Apprenticeship
                                    and Training Trust Fund, Southern California Floor

12                                  Covering Vacation and Holiday Trust Fund, Contract

13                                  Administration Trust Fund, Painters and Allied
                                    Trades Labor Management Cooperation Fund, and the

14                                  Resilient Floor and Decorative Floor Covering Local

15                                  Union No. 1247

16

17

18

19

20

21

22

23

24

25

26

27

28